UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDRE J. CLAYBORN,<br><br>              Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>              Defendant. | Case No.  C05-5304RBL<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for September 30, 2005 |

      This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.  Because plaintiff has failed to respond to the court's order to show cause, the undersigned recommends the court deny his application.

### DISCUSSION

      The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an

application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit. See Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

On May 2, 2005, the clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1). On June 14, 2005, the court found plaintiff's application to be deficient and ordered him to cure that deficiency by no later than July 14, 2005, or show cause why this matter should not be dismissed. (Dkt. #6). Local Rule CR 10(f) requires parties to notify the court within ten days of a change of address. On June 29, 2005, the clerk received a notice from plaintiff listing a new mailing address. (Dkt. #8).

As of July 15, 2005, plaintiff had not responded to the court's order to show cause. Because it was unclear from the change of notice address whether plaintiff had actually received a copy of that order, the court re-sent a copy of it to him at the address set forth in his notice of change of address. The court also set a new deadline of August 15, 2005, by which plaintiff had to file a response. To date, however, he still has not done so.

## CONCLUSION

Because plaintiff has failed to respond to the court's order to show cause regarding his deficient application to proceed *in forma pauperis*, the undersigned recommends the court deny that application. Accordingly, the undersigned also recommends the court dismiss plaintiff's complaint unless he pays the required $250.00 filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **September**

REPORT AND RECOMMENDATION
Page - 2

1 **23, 2005**, as noted in the caption.

2     Dated this 30th day of August, 2005.

                                              /s/ Karen L. Strombom
                                              Karen L. Strombom
                                              United States Magistrate Judge